This matter involved an allegation of allowing plaintiff to have potential contact with a close custody inmate. The initial hearing before Deputy Commissioner Dillard took place on 9 August 1994 in Tillery, North Carolina at the Caledonia Correctional Institute.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, Mr. Timothy Hoosier was a medium custody inmate at Caledonia Prison whose job duty on 31 July 1992 was to clean out the dorm area of Cellblock C, a maximum custody unit of Caledonia Prison. On performing such duty, plaintiff was accompanied by correction officer Kenneth Ford.
2. During the course of his cleaning Cellblock C, Correctional Officer R.W. Hill was in the control room where he opened the automatic door of cell (10) in which close custody inmate Edward Sloan was housed. That inmate Edward Sloan noticed his door open and proceeded from his cell into the day room area of Cellblock C.
3. Timothy Hoosier noticed inmate Edward Sloan in the day room area. That there was no physical contact between Edward Sloan and Timothy Hoosier, and there were no threats made between these two inmates. The Extent of the communication between Timothy Hoosier and Edward Sloan was a Spoken "hello."
4. Officer Kenneth Ford quickly noticed inmate Edward Sloan in the day areas and notified Correctional Officer Hill of the situation. Officer Ford then escorted Edward Sloan back to his cell, and Sloan's door was again closed.
5. There was no evidence presented by plaintiff of any mental or physical trauma or damages of any kind that he suffered by virtue of Edward Sloan and himself having been located in the same area of Cellblock C for a few minutes.
6. Absent a showing of damages, the improper release of Edward Sloan into the day room does not constitute actionable negligence.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Defendant was not negligent in regards to the improper release of inmate Edward Sloan into an area occupied by Timothy Hoosier. A violation of procedure or operation standards, without harm or other negative results, is not actionable in and of itself as a negligence claim under the North Carolina Tort Claims Act. The undersigned concludes as a matter of law that plaintiff suffered no damages from the actions of defendant complained of herein.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the deputy commissioner and enters the following:
ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
 S/ ____________________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________________ COY M. VANCE COMMISSIONER